IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELISSA J. MANN,                    )
                                    )
              Plaintiff,            )
                                    )
     v.                             )        1:14CV1054
                                    )
WINSTON SALEM STATE UNIVERSITY,     )
an agent of the State of North      )
Carolina, and JANICE SMITH,         )
individually,                       )
                                    )
              Defendants.           )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

     Presently before this court are motions to dismiss filed by
Defendant Winston Salem State University ("WSSU") and Defendant
Janice Smith ("Smith") (collectively, "Defendants"). (Docs. 12,
19.) Plaintiff Melissa J. Mann ("Plaintiff") opposes the
motions, (Docs. 18, 31), and Defendants have filed replies
(Docs. 28, 33). Plaintiff seeks leave to file an Amended
Complaint, in which she eliminates three state law claims
contained in her initial complaint, adds a claim as to both
Defendants under 42 U.S.C. § 1983, asserts additional factual
allegations, and restates the remaining five claims against
Defendants. (Doc. 16.) Defendants have in turn responded in
opposition to Plaintiff's motion for leave to amend, claiming

that allowing Plaintiff leave to amend her complaint will be prejudicial and futile. (Docs. 27, 29.) Plaintiff has filed a reply (Doc. 32).

These matters are now ripe for adjudication in many respects. However, the procedural posture of this case, that is, with pending motions to dismiss as well as a motion to amend, which is objected to on the ground of futility, somewhat complicates this matter. The motion to dismiss encompasses similar issues to those raised in the objections to the motion to amend.

In the interests of justice, judicial economy, and in an effort to address the issues in a coherent manner, this court finds that it is appropriate to address the motions to dismiss and the motion to amend in this Memorandum Opinion and Order. To the extent this court finds certain claims sufficiently pled to proceed, this court will allow the motion to amend. To the extent this court finds certain claims deficient, and where such deficiencies are not resolved by the proposed amendment, this court will grant the motions to dismiss and deny the motion to amend. In light of this procedure, this court recognizes that Defendants may be deprived of moving to dismiss claims in the Amended Complaint to the extent grounds exist to support such a motion. As a result, to the extent this court denies in part

-2-

the motions to dismiss, this court will deny the motions without prejudice such that Defendants may, but are not required to, move to dismiss on grounds not raised in response to the original complaint.

For the reasons stated herein, this court will grant Defendants' motions to dismiss in part and deny them in part. This court finds that re-pleading the dismissed claims would be futile and therefore will deny Plaintiff's request for leave to amend as to those claims. Nonetheless, Plaintiff will be granted leave to amend the remaining items.

## I.   <u>BACKGROUND</u>

Plaintiff states several causes of action based generally upon alleged employment discrimination by her employer, WSSU. Plaintiff has been an Assistant Professor of Management at WSSU since August 2010. (Complaint ("Compl.") (Doc. 1) ¶ 17.) Plaintiff is Caucasian and asserts that WSSU has a "longstanding culture and problem with harassment of non-African American Employees at [WSSU] by certain members of the School of Business . . . ." (<u>Id.</u> ¶¶ 14, 18.) Plaintiff asserts that she has been subjected to various forms of intentional discrimination by a tenured, full professor within her department, Defendant Smith. (<u>See</u> Compl. (Doc. 1).)

-3-

Plaintiff asserts that Smith has created a hostile work environment and has used her position as a member of the university's tenure committee and her leadership within the School of Business to discriminate against Plaintiff. (See id. at 18 (alleging that Smith told Plaintiff that Smith was "the one who ultimately controls the Plaintiff's future" at WSSU); see also id. ¶ 44 (recounting an instance where Plaintiff believed Smith was implying that if Plaintiff wanted tenure, she would need to stop associating with other white faculty who had complained about Smith).) Nonetheless, Plaintiff recognizes in her complaint that "[a]t no point has Dr. Smith had any authority to remove the Plaintiff from any appointed position." (Id. ¶ 71.)

Plaintiff contends that Smith made remarks that Plaintiff "would not understand the needs of a historically black college or university student as she was not a member of a protected class," (id. ¶ 28), that Smith sent a "string of hostile false and derogatory emails" about Plaintiff to other members of the faculty, (id. ¶ 31), and that "[d]uring the entire time Plaintiff has worked for WSSU, Dr. Smith has regularly glared at, yelled at, demeaned, threatened, put down, dismissed and otherwise aggressively bullied" Plaintiff. (Id. ¶ 34.)

-4-

Plaintiff asserts that WSSU was aware of the hostile work environment created by individual professors, including Smith, but did not take sufficient measures to address these actions. (See id. ¶¶ 25, 27 (alleging that Plaintiff was verbally "accosted" in front of her students by Gloria Clark, a friend of Defendant Smith, but despite being notified of this incident, administrators took no disciplinary action against Dr. Clark); see also id. ¶¶ 45-48 (providing other instances of areas where Plaintiff felt the administration should have acted).) Plaintiff admits that WSSU took remedial steps to rectify any discriminatory behavior at various points. For instance, Plaintiff concedes that WSSU removed Smith from any discussion of Plaintiff's personnel matters, and "[w]ithout Dr. Smith's input into the re-evaluation process, Plaintiff was reappointed [as an assistant professor] on a 7-0 vote." (See id. ¶ 49.) However, Plaintiff implies that WSSU did not do enough to forestall the hostile work environment that was developing. (See id. ¶¶ 31-32 ("Despite th[e] admonition [to Smith to stop sending such 'venomous content' in her emails], administration did nothing else to prevent the continued harassment of the Plaintiff by Dr. Smith following these emails.").)

As for Plaintiff's retaliation claim, Plaintiff contends that the harassment she endured "intensified into retaliation"

-5-

when Plaintiff lodged her EEOC complaint with an Equal
Employment Opportunity official. (Id. ¶ 75.) Plaintiff implies
that she began opposing discrimination as early as 2011, when
she had several conversations with Ed Haynes, an Equal
Employment Opportunity Commission officer, and participated in a
focus group organized to address diversity issues at WSSU. (Id.
¶¶ 37, 39.) However, Plaintiff did not file an EEOC charge in
2011. (Id. ¶ 42.) Plaintiff filed her "EEOC complaint . . .
with the University EEOC officer" on August 27, 2014. (See id.
¶ 75.)

Plaintiff does not allege that she has been terminated
based on her race or in retaliation for a protected activity,
but she claims she has been subjected to other adverse
employment actions. Plaintiff claims that she "was passed over
for a pay raise while other individuals who upon information and
belief are African-American and who are less qualified to
receive a pay raise have received a raise," (id. ¶ 78), that she
"was denied reappointment in 2010 at the department level based
on the conduct of the agents and servants of WSSU . . . and
Defendant Smith," (id. ¶ 80(a)), that she has been
"remove[d] . . . from oversight of a student group," (id. ¶ 70),
that a program she developed has been placed "on hold" since the
fall of 2014, (id. ¶ 76), and that Plaintiff's students have

-6-

been denied access to the WSSU writing lab, even though other professors' students have been allowed to use the facility, (Id. ¶ 77.)

## II.  **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to make a motion to dismiss due to the opposing party's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The burden remains on the party making the claim "to allege facts sufficient to state all the elements of [Plaintiff's] claim," Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003), and "to raise a reasonable expectation that discovery will reveal evidence" of the misconduct alleged, see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Granting a motion under Rule 12(b)(6) is proper when the complaint's factual allegations, read as true, fail as a matter of law to state a plausible claim for relief. Iqbal, 556 U.S at 678. In determining if a claim has "facial plausibility," a court is not required to accept "[t]hreadbare recitals of the

-7-

elements of a cause of action supported by mere conclusory statements," id.; unsupported legal allegations, Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989); legal conclusions couched as factual allegations, Papasan v. Allain, 478 U.S. 265, 286 (1986); or conclusory factual allegations devoid of any reference to actual events. United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

### III. **MOTIONS TO DISMISS**

In her complaint, Plaintiff asserts federal law claims based on violations of Title VII and 42 U.S.C. § 1981, along with state law claims of hostile work environment/wrongful discharge in violation of North Carolina public policy, negligent retention and supervision, and intentional infliction of emotional distress. Through her motion to amend, Plaintiff seeks to voluntarily dismiss the state law claims, amend the federal law claims, and add a 42 U.S.C. § 1983 claim. This court will dismiss the state law claims as Plaintiff suggests and will allow Plaintiff to amend certain factual allegations within her complaint. However, because aspects of Plaintiff's federal claims are clearly deficient based on procedural or substantive defects, this court will dismiss several parts of Plaintiff's federal claims before turning to Plaintiff's motion for leave to amend.

-8-

**A.  § 1981 and § 1983 Claims Against State Agency**

In both her original complaint and in her proposed amended complaint, Plaintiff has stated a cause of action against WSSU under 42 U.S.C. § 1981.  (See Compl. (Doc. 1) ¶¶ 89-93; Pl.'s Mem. in Supp. of Mot. for Leave to Am. Compl. & to Dismiss Certain Claims without Prejudice, Ex. 1, First Amended Complaint ("Proposed Am. Compl.") (Doc. 17-1) ¶¶ 92-97.)  WSSU is an agency of the State of North Carolina.  See N.C. Gen. Stat. § 116-4 (naming WSSU as one of the constituent institutions of the University of North Carolina system); Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1139 n.6 (4th Cir. 1990) (recognizing the Board of Governors of the University of North Carolina as an alter ego of the State of North Carolina); (see also Compl. (Doc. 1) at 1 (recognizing that WSSU is a "member of the University of North Carolina Group of Universities").)  The Supreme Court has held that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . ." See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989). As such, Plaintiff cannot assert a cause of action under § 1981 against WSSU, and this court must dismiss Plaintiff's § 1981 claim against WSSU.

-9-

Even if Plaintiff had asserted a cause of action under § 1983 against WSSU, as she attempts to add in her proposed amended complaint, (see Proposed Am. Compl. (Doc. 17-1) ¶¶ 98-105), Plaintiff's § 1983 claim would also be dismissed. Because WSSU is an agency of the State of North Carolina, it is not a "person" within the meaning of § 1983 and thus does not fall within the purview of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). Moreover, even if WSSU qualified as a "person," it would be protected from suit under § 1983 by the Eleventh Amendment. See Quern v. Jordan, 440 U.S. 332, 341 (1979); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). But see Fitzpatrick v. Bitzer, 427 U.S. 445, 457 (1976) (finding that states are not protected by the Eleventh Amendment from suit under Title VII); Stewart v. Va. Commonwealth Univ., 414 Fed. Appx. 555, 556 (4th Cir. 2011) (same).

Plaintiff asserts that she has met the exception to the Eleventh Amendment set out by the Supreme Court in Ex parte Young, 209 U.S. 123 (1908). (See Pl.'s Resp to WSSU's Mot. to Dismiss (Doc. 18) at 4.) However, because Plaintiff named WSSU

as a defendant in this action rather than naming a state official as a defendant, Ex parte Young does not apply, and Plaintiff's claim against WSSU continues to be barred by the Eleventh Amendment.  See Lynn v. West, 134 F.3d 582, 587 (4th Cir. 1998).  Similarly, because Plaintiff has not named a state official acting in his or her official capacity as a defendant, Plaintiff cannot seek monetary damages under § 1983 within the purview of Maine v. Thiboutot, 448 U.S. 1, 3 (1980).[1]

For these reasons, this court will dismiss Plaintiff's § 1981 claim against WSSU.  Moreover, this court finds it would be futile for Plaintiff to restate her § 1981 claim against WSSU or to include a § 1983 claim against WSSU in her amended complaint, and as a result, Plaintiff is not granted leave to amend her complaint in this manner.

B.    **Title VII Claims Against Individual Defendant**

Plaintiff has stated multiple causes of action under Title VII against Smith in her individual capacity.  (See Proposed Am. Compl. (Doc. 17-1) at 1, 4, 22.)  Smith contends that there is

---

[1] Smith does not argue that the same procedural issue bars Plaintiff's claims against Smith under § 1981 and § 1983. Instead, Smith contends the motion should be dismissed for failure to state a claim.  (See Def. Smith's Mem. of Law Supp. Mot. to Dismiss ("Def. Smith's Mem.") (Doc. 20) at 10-13.) However, for the reasons set forth below, this court will not dismiss Plaintiff's § 1981 and § 1983 claims against Smith at this time.  See infra Part III.D.

no basis for a Title VII claim against her because any civil liability under Title VII is limited to that of Plaintiff's employer, WSSU. (See Def. Smith's Mem. (Doc. 20) at 8-10.)

This court agrees. Title VII does not provide for causes of action against individual defendants who are not Plaintiff's employer. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); see also 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer . . . ." (emphasis added)). Although Plaintiff has alleged that Smith had some authority to determine whether Plaintiff was reappointed, Plaintiff has not alleged that Smith was her employer, making it necessary for this court to dismiss all Title VII claims against Smith. WSSU may ultimately be held responsible for Smith's actions that allegedly created a hostile work environment or allegedly led to an adverse employment action, see Lissau, 159 F.3d at 181-82, but Plaintiff cannot maintain a Title VII action directly against Smith as an individual defendant.[2]

---

[2] WSSU does not argue that the same procedural issue bars Plaintiff's claims against WSSU under Title VII. Instead, WSSU contends the motion should be dismissed for failure to state a claim or because the claims are barred by the statute of limitations. (See WSSU's Mem. of Law in Supp. of Mot. to Dismiss ("Def. WSSU's Mem.") (Doc. 13) at 13-19.) However, for the reasons set forth below, this court will not dismiss Plaintiff's Title VII claims against WSSU at this time. See infra Part III.D.

-12-

Therefore, all Title VII claims against Smith in her individual capacity will be dismissed. Furthermore, this court finds it would be futile for Plaintiff to include any Title VII claim against Smith based upon the allegations contained in the proposed amended complaint, and Plaintiff is not granted leave to amend her complaint in this manner.

## C. **Merits of Plaintiff's Claims (Title VII, § 1981 and § 1983)**

Defendants also challenge the merits of Plaintiff's remaining claims - WSSU challenges the merits of the Title VII claims and Smith challenges the merits of the § 1981 and § 1983 claims - arguing that they fail to state a claim upon which relief can be granted. WSSU asserts that Plaintiff's Title VII claims are time-barred, that the acts of WSSU employees were not sufficiently severe or outrageous enough to be imputed to WSSU, and that Plaintiff has failed to state a plausible claim for racial discrimination or retaliation by WSSU. (See Def. WSSU's Mem. (Doc. 13) at 13-19.) Smith asserts that Plaintiff's § 1981 and § 1983 claims should be dismissed for similar reasons. (See Def. Smith's Mem. (Doc. 20) at 10-13.)

All of the issues cited by Defendants as to the merits of Plaintiff's remaining claims will require resolution of factual matters - i.e., whether the acts complained of by Plaintiff are

-13-

severe, whether the actions taken against Plaintiff would discourage an individual from opposing discrimination in the workplace so as to constitute retaliation, whether Plaintiff has stated a claim for a continuing violation so as to make her claims timely, and whether Defendant Smith had any authority over Plaintiff.  Given the constraints of what this court is to consider when deciding a motion to dismiss and the favorable inferences it is to give Plaintiff's asserted facts, this court is not in a position to decide these matters at this time.

This court finds that Plaintiff has stated sufficient facts to make out the elements for a case of discrimination and retaliation in violation of federal law.  Plaintiff has set out allegations of what Plaintiff considers adverse employment actions, the actions and events that created a hostile work environment, the role that Smith played in propagating this hostile work environment or facilitating the adverse employment actions, the ways in which WSSU should have been aware of this activity, the dates that the events allegedly took place, and the causal role that racial animus and retaliatory animus allegedly played in these actions, along with circumstantial evidence that could be used to infer animus.  See supra Part I.

These factual allegations are sufficient for this court to find that Plaintiff has stated plausible claims of

-14-

discrimination and retaliation under Title VII against WSSU and
under § 1981 and § 1983 against Smith.  See Swierkiewicz v.
Sorema N.A., 534 U.S. 506, 515 (2002) ("[W]e hold that an
employment discrimination plaintiff need not plead a prima facie
case of discrimination . . . ."); see also Twombly, 550 U.S. at
569-70 (explaining that Swierkiewcz is consistent with more
recent case law requiring plausibility in Plaintiff's
allegations).  Moreover, as discussed below, this court will
allow Plaintiff leave to amend her pleading on these claims, and
this further reinforces this court's decision to deny
Defendants' motions to dismiss to the extent they are based on
these fact-specific arguments.

Finally, as to timing, this court finds that Plaintiff has
set out allegations that, if proven, would show that her claims
are not time-barred under Title VII.  In this way, Plaintiff's
allegations are not self-defeating, and this court will not
dismiss the claims as time-barred at this point.  Defendants
argue that any acts prior to December 15, 2013, are not
actionable and are time-barred.  Even assuming, without
deciding, that this is correct, Plaintiff alleges that her
students were denied access to the writing lab on November 13,
2014, and no action was taken in response to her complaints.
(See Proposed Am. Compl. (Doc. 17-1) ¶ 77.)  Additionally, a

-15-

program launched by Plaintiff was put on hold, and at some point, Plaintiff was "passed over for a pay raise while other individuals who upon information and belief are African-American and who are less qualified to receive a pay raise have received a raise. (See id. ¶ 78.) While it is not entirely clear when these actions took place, there appear to be allegations of prohibited activity within the statutory period. The timing of these actions and determination of whether these allegations are adverse employment actions and constitute unlawful discrimination are all issues of fact that will have to be resolved outside of the pleadings that are currently before this court. Even under Defendants' interpretation of the law, it appears a motion to dismiss is not the stage at which these matter should be adjudicated.

Therefore, this court will not dismiss Plaintiff's Title VII claims against WSSU or her § 1981 and § 1983 claims against Smith at this point.

### D.  Claim for Punitive Damages

Defendants also ask this court to dismiss Plaintiff's claim for punitive damages. (See Def. WSSU's Mem. (Doc. 13) at 19-20; Def. Smith's Mem. (Doc. 20) at 16-18.) This court first notes that WSSU's request is moot, as Plaintiff only directs her punitive damages claim against Defendant Smith. (See Compl.

-16-

(Doc. 1) ¶¶ 117-21; Proposed Am. Compl. (Doc. 17-1) ¶¶ 106-10.)
Therefore, this court need not address whether it is appropriate
for Plaintiff to assert a punitive damages claim against WSSU.

In contrast, this court finds that Plaintiff has
sufficiently pled her claim for punitive damages against Smith.
Smith claims that Plaintiff has not alleged sufficient
"aggravated conduct" to justify an award of punitive damages.[3]
(Def. Smith's Mem. (Doc. 20) at 18.)  To qualify for an award of
punitive damages under North Carolina law, a plaintiff must show
that the defendant committed "egregiously wrongful acts."  N.C.
Gen. Stat. § 1D-1.  Plaintiff asserts that Smith has
"[v]iciously, maliciously and aggressively bull[ied],
harass[ed], defam[ed], and discriminat[ed] against Plaintiff,"
(see Compl. (Doc. 1) ¶ 119(a)), and Plaintiff has identified a
number of actions taken by Smith that, accepted as true, could
be considered "egregiously wrongful acts," (see, e.g., id.
¶ 80).  It may be that Plaintiff will not be able to prove that

---

[3] This court notes that Plaintiff seems to be asserting her
punitive damages claim based on state law, not § 1981 as Smith
seems to assert in her argument.  (See Compl. (Doc. 1) ¶ 118
(citing N.C. Gen. Stat. § 1D-1).)  Nonetheless, a prevailing
plaintiff is entitled under the common law to punitive damages
under certain circumstances in a cause of action under § 1981,
see Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 460 (1975),
and in a cause of action under § 1983, see Smith v. Wade, 461
U.S. 30, 56 (1983); Lowery v. Circuit City Stores, Inc., 206
F.3d 431, 441 (4th Cir. 2000).

the conduct was sufficiently egregious so as to warrant punitive damages, but at this stage, this court will not dismiss the claim as a matter of law.

### E.   State Law Claims

Plaintiff requests that this court dismiss the state law claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (See Pl.'s Resp. to Def. WSSU's Mot. to Dismiss (Doc. 18) at 3; Pl.'s Resp. to Def. Smith's Mot. to Dismiss (Doc. 31) at 3.) Defendants have briefed why these claims are meritless and argue that the claims should be dismissed with prejudice.  The default for dismissal under Rule 41(a)(2) is for a claim to be dismissed without prejudice.  See Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). After reviewing the arguments of the parties, this court finds no reason to depart from this general rule, and these state law claims will be dismissed without prejudice.

## IV.  LEAVE TO AMEND

This court finds that allowing Plaintiff leave to amend her complaint in part is proper at this stage of the proceedings, pursuant to the directive of Federal Rule of Civil Procedure 15(a) that this court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This court finds no

-18-

evidence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment'" that would cause this court to deny the amendment.  See Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendants' arguments against allowing Plaintiff leave to amend her complaint largely relate to the alleged futility of an amendment.  The Fourth Circuit has cautioned, "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment."  Davis, 615 F.2d at 613 (citation omitted).  For the same reasons that caused this court not to dismiss Plaintiff's claims under Title VII, § 1981 and § 1983, this court finds that amending those claims would not be clearly futile.  As a result, this court will grant Plaintiff leave to amend her complaint in part and will direct Plaintiff to file her amended complaint within five days of the issuance of this Order.

Although this court grants Plaintiff's motion for leave to amend in part, the issues raised earlier that led to this court

-19-

dismissing several of Plaintiff's claims as to each Defendant
are "substantive [and] procedural considerations" that make
aspects of Plaintiff's proposed amended complaint "clearly . . .
futile." See id. Therefore, this court will not grant leave
for Plaintiff to re-plead those claims.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Winston-Salem State
University's Motion to Dismiss (Doc. 12) and Defendant Janice
Smith's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Doc.
19) are **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Plaintiff's first and second claims asserting Title
VII claims against Defendant Smith are **DISMISSED**;

(2) Plaintiff's third and fourth causes of action under
§ 1981 and § 1983 against Defendant WSSU are **DISMISSED WITH
PREJUDICE**.

All other requested forms of relief in Defendants' motions
are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims for
(1) Hostile Work Environment and Wrongful Discharge in Violation
of North Carolina Public Policy; (2) Negligent Retention and
Supervision; and (3) Intentional Infliction of Emotional
Distress are **DISMISSED WITHOUT PREJUDICE** at Plaintiff's request
pursuant to Fed. R. Civ. P. 41(a)(2).

-20-

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 16) is **GRANTED IN PART.** Plaintiff is granted leave to amend her complaint but must comply with the terms of this Memorandum Opinion and Order. Plaintiff shall file her amended complaint within ten (10) days of the issuance of this Memorandum Opinion and Order. To avoid any confusion, the court directs that rather than filing the proposed amended complaint, Plaintiff file a new amended complaint that conforms to the terms of this Order.

This the 14th day of September, 2015.

_____
United States District Judge

-21-